JOHN D. GULYAS, ESQ.
ATTORNEY ID # 023281999
JON-HENRY BARR, ESQ.
Attorney ID # 001561996
BARR & GULYAS, L.L.C.
21 Brant Avenue
Clark, New Jersey 07066
T(732) 340-0600/ F(732)-340-0610
ATTORNEYS FOR PLAINTIFF SHYEIM GORDON

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

---------------------------

SHYEIM GORDON,
    Plaintiff,

       v.                 CASE No. _____-cv-2021

CITY OF NEWARK, NEW JERSEY;
DRUG ENFORCEMENT
ADMINISTRATION; DEA OFFICER
EDWARD GARCIA;
STATE OF NEW JERSEY
and the DIVISION OF STATE POLICE
of the NEW JERSEY DEPARTMENT
OF LAW AND PUBLIC SAFETY;
DEA DOES No. 1 through 10
(names being gender
neutral and fictitious as the
true identities are unknown
presently);
NEWARK DOES No. 1 through 10
(names being gender
neutral and fictitious as the
true identities are unknown
presently);
STATE DOES No. I through 10
(names being gender
neutral and fictitious as the
true identities are unknown presently),
INDIVIDUALLY AND IN THEIR
RESPECTIVE OFFICIAL CAPACITY,
    Defendants.
---------------------------      COMPLAINT PURSUANT TO
                           42 U.S.C. §§ 1983, 1988;
                           BIVENS v. SIX UNKNOWN

1

AGENTS OF THE FEDERAL
BUREAU OF NARCOTICS;
DECLARATORY AND INJUNCTIVE
RELIEF PURSUANT TO
28 U.S.C. §§ 2201 and 2202;
SUPPLEMENTAL STATE LAW CLAIMS

The Plaintiff, SHYEIM GORDON, by and through his retained attorneys, BARR & GULYAS, L.L.C., for his complaint against the defendants herein, respectfully alleges:

## INTRODUCTION

1.  This is a civil complaint against the named defendants, pursuant to 42 U.S.C. §§ 1983 and 1988 and Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971), to redress the abridgment and violation of plaintiff's Constitutional rights under the Fourth and Fourteenth Amendments that occurred during and in relation to the investigation, false arrest, false imprisonment and the malicious criminal prosecution of Plaintiff in a certain matter entitled UNITED STATES v. GORDON; ET AL., Docket no. 19-mj-06717 (JAA)("criminal case").

2.  This action is brought to redress the defendants' malicious prosecution of and knowing, willful and deliberate fabrication of evidence against and regarding Plaintiff in violation of the Fourth and Fourteenth Amendments; the unlawful search and seizure of Plaintiff, his home, personal property, private papers, information,

2

communications, and belongings in violation of his Fourth Amendment rights; the violation of Plaintiff's Equal Protection and Due Process rights; and the violation of Plaintiff's Fourteenth Amendment rights to not be arrested and prosecuted except on probable cause .

3.  This action is also brought under the Federal Tort Claims Act for the torts of malicious prosecution, invasion of privacy, negligent and intentional infliction of emotional distress, false arrest and false imprisonment and negligence committed by federal employees and agents against Plaintiff.

4.  Plaintiff seeks inter alia and this Court has authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202 against the named defendants, and under its inherent equitable powers.

5.  On or about October 22, 2019, Administrative Tort Claim notices were submitted by plaintiff to the Federal Bureau of Investigation, the New Jersey State Police and the City of Newark.  More than six months have passed since the filing of these administrative claims without an answer from or action taken by any such agency. Plaintiff has, therefore, exhausted all administrative remedies under 28 U.S.C. § 2675(a).

SUBJECT MATTER JURISDICTION

6.   This Court has subject matter jurisdiction in accordance
     with and pursuant to 28 U.S.C. §§1331, 1346(b) and 1337.

VENUE

7.   Plaintiff lays venue in the United States District Court,
     District of New Jersey, pursuant to 28 U.S.C. § 1402(b) due
     to the acts complained of having occurred in and/or each
     defendant resided in and/or could be found in New Jersey.
     In addition, venue is properly with this District under 28
     U.S.C. § 1402(b) as the criminal prosecution of plaintiff
     occurred in the District of New Jersey and the defendants'
     acts that are the subject of this Complaint occurred in
     this District.

8.   This is an action for equitable relief and for redress for
     the violation of rights guaranteed to the plaintiff by
     state and federal laws, including: (a) damages for
     deprivations by defendants acting under color of State law
     of plaintiff's rights, privileges and immunities guaranteed
     by the Fourth and Fourteenth Amendments to the United
     States Constitution pursuant to 42 U.S.C. §§ 1983 and 1988
     and Bivens; (b) damages for deprivations by defendants of
     plaintiff's rights, privileges and immunities guaranteed by

Article I Section 7 of the New Jersey State Constitution; and (c) damages based upon common law claims in tort.

## JURISDICTION AND VENUE

9.  The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state and local law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all of the material acts and injuries alleged herein occurred within the District of New Jersey. Such acts include practices and conduct violative of the Fourth and Fourteenth Amendments to the United States Constitution.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, upon information and belief, defendants' residence and/or principal place of business is in this judicial district.

## THE PARTIES

12. Plaintiff SHYEIM GORDON ("Gordon" or "plaintiff") is an unmarried African-American male citizen of the United States, domiciled in the State of New Jersey and a resident of the City of Newark and County of Essex.

13. At all times relevant herein, the plaintiff was an employee of the Allied Security Company and employed as an unarmed security guard.

14. Defendant CITY OF NEWARK ("Newark" or in the alternate "municipal defendant") is a municipal corporation duly existing by reason of and pursuant to the laws of the State of New Jersey  and the entity which is ultimately responsible for the conduct and actions of the members of the Newark Police Department.

15. Defendant STATE OF NEW JERSEY ("State") is a geographic and political subdivision of the United States of America and derives its powers from the United States and the New Jersey Constitutions. The State of New Jersey controls the law enforcement operations within the State by and through the New Jersey State Police and is named herein pursuant to the New Jersey Tort Claims Act, and the entity ultimately responsible for the actions of the members of the New Jersey State Police.

16. Defendant NEW JERSEY STATE POLICE DEPARTMENT ("Police") is named herein pursuant to the New Jersey Tort Claims Act as an agency of the State of New Jersey.

17. Defendant DRUG ENFORCEMENT ADMINISTRATION ("DEA") is an agency of the United States and is named herein pursuant to the federal Tort Claims Act.

6

18. Defendant Edward Garcia ("Garcia"), who is sued personally and in his individual capacity, at all times relevant to this complaint was a police officer employed by the DEA.

19. Defendant DEA DOES No. 1 through 10, (names being gender neutral and fictitious as the true identities are unknown presently), at all times relevant herein are duly appointed and acting police officers, servants, employees and agents of the DEA and are the unknown individuals that were acting under color of law actually involved with the unconstitutional conduct as is described herein. Each is sued and judgment is sought individually and in their respective official capacity.

20. Defendants NEWARK DOES No. 1 through 10, (names being gender neutral and fictitious as the true identities are unknown presently), are and were at all times relevant duly appointed and acting police officers, servants, employees and agents of Newark, and are the unknown individuals that were acting under color of law actually involved with the unconstitutional conduct as is described herein. Each is sued and judgment is sought individually and in their respective official capacity.

21. Defendants STATE DOES No. 1 through 10, (names being gender neutral and fictitious as the true identities are unknown presently), are and were at all times relevant duly appointed

and acting police officers, servants, employees and agents of New Jersey and the New Jersey State Police, and are the unknown individuals that were acting under color of law actually involved with the unconstitutional conduct as is described herein. Each is sued and judgment is sought individually and in their respective official capacity.

22. At all times relevant herein, defendants DEA DOES No. 1 through 10 were acting under color of the laws, statutes, ordinances, regulations, policies, practices, customs and/or usages of the United States and the DEA in the course and scope of their duties and functions as officers, agents, servants, and employees of the DEA, were acting for, and on behalf of, and with the power and authority vested in them by the DEA, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Each is sued and judgment is sought individually and in their respective official capacity.

23. At all times relevant herein, defendants Newark Does No. 1 through 10 and State Does No. 1 through 10 were acting under color of the laws, statutes, ordinances, regulations, policies, practices, customs and/or usages of the United States and the State of New Jersey in the course and scope of their duties and functions as officers, agents, servants, and

employees of Newark and the State of New Jersey, were acting for, and on behalf of, and with the power and authority vested in them by the State of New Jersey, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  They are sued and judgment is sought individually and in their respective official capacity.

24.   The term "Doe defendants" or "Doe police" refers collectively to defendant Garcia, DEA Does, Newark Does and the State **Does.**

25.   The term "defendants" refers collectively to defendant DEA, Newark, State, Garcia and the Doe police.

                    FACTS COMMON TO ALL COUNTS

26.   Prior to July 31, 2019, plaintiff was employed as an unarmed security guard for the Allied Security Company earning approximately $400 weekly.

27.   On or about July 30, 2019 defendant Garcia filed federal criminal complaint no. 19-mj-6717 ("complaint") charging and claiming that a SHYIEM GORDON, with some 11 other individuals, had organized and were operating a drug trafficking organization ("DTO") in the City of Newark and were involved in the purchasing, packaging and selling of CDS in excess of one kilogram of heroin.

28. The SHYIEM GORDON described and contained in the complaint is not the plaintiff; they merely share the same name.

29. Plaintiff has never been a member of any DTO and at no time has he possessed heroin or any other CDS for sale or distribution.

30. Thereafter, the Doe defendants including Garcia filed for and were granted an arrest warrant and search warrant for the DTO member SHYIEM GORDON, but incorrectly and falsely listed as the target the plaintiff and plaintiff's residence located at 79 Mt. Pleasant Ave., Newark, N.J. under the incorrect and mistaken belief that the plaintiff was involved with and was a member of the DTO, Notwithstanding eleven months of investigation including physical surveillance, video surveillance, wiretaps and controlled drug buys.

31. Said warrant applications made by the Doe defendants knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for the warrant and that such statements or omissions were material, or necessary, to the finding of false probable cause as against the plaintiff.

32. On July 31, 2019, at approximately 5:00 A.M., while plaintiff was asleep in his bed at his home, the Doe

defendants broke into and forcibly entered plaintiff's residence in execution and service of the above noted **arrest and search warrants.**

33. Upon being awoken from a dead sleep, plaintiff attempted to fully cooperate with the police officers who surrounded his bed in his room with their weapons drawn and pointed at the plaintiff, but was unable to answer the police officers' continuing questions being shouted at him to identify where the drugs and guns were hidden and told the police officers he did not know what they were talking about.

34. Despite plaintiff's attempted cooperation with the Doe police officers and his protests of being ignorant as to the drugs and weapons they were asking about, the Doe defendants used extraordinary and excessive force upon plaintiff by slamming his body against furniture and twisting and yanking his arm behind his back.

35. The Doe defendants threatened plaintiff that if he did not immediately disclose the hiding location of the drugs and weapons that they would see to it that he would be convicted of federal drug offenses and be required to serve a life sentence without the possibility of parole.

36. The force, intimidation, coercion and threats used by the Doe defendants was so severe that plaintiff suffered

numerous physical and mental injuries including but not
limited to sprains and contusions and traumatic stress.

37. At no time during the arrest incident did plaintiff resist
or use force against any of the Doe police officers
present.

38. Following these acts of police brutality committed against
plaintiff, the Doe defendants, over the plaintiff's
objection, did unlawfully search the plaintiff's bedroom
and residence.

39. The search of the plaintiff's bedroom and residences
yielded no CDS, no firearm or any other contraband.

40. Plaintiff was then handcuffed roughly by the Doe police and
transported to a federal jail facility and Plaintiff was
then photographed, subjected to a body cavity search and
then fingerprinted.

41. The force administered by the Doe police was unnecessarily
excessive and grossly disproportionate to whatever acts
the Plaintiff may have committed and deprived the
Plaintiff of his rights under the United States
Constitution and laws and the Constitution and laws of the
State of New Jersey.

42. Following these acts of police brutality committed against
plaintiff, the plaintiff was then released from custody on

bail upon posting of an unsecured $100,000 bond and had an electronic monitoring bracelet installed on his ankle.

43.  On or about August 09, 2019, on motion of the United States Attorney, an order was filed dismissing all charges against plaintiff and his bail was released.

44.  There was no probable cause existing in support of any of the defendants above actions and conduct, taken against the plaintiff, as there was no fair probability that the plaintiff committed the crime at issue.

45.  Thereafter, upon plaintiff's employer becoming aware of the above arrest and that plaintiff was on bail plaintiff's employment was terminated.

46.  Thereafter, plaintiff has periodically filed for employment in other positions with other companies, each of which has been denied or rejected because the above arrest was disclosed.

47.  Plaintiff remains unemployed through the date of the filing of this complaint.

48.  As the direct and proximate result of the foregoing plaintiff has suffered lost wages.

49.  As the direct and proximate result of the foregoing plaintiff has been suffered permanent physical and psychiatric damages and injuries such as, but not limited to Posttraumatic Stress Disorder, chronic syndrome and

Major Depression, single episode without psychotic
features.

50.  As the direct and proximate result of the foregoing,
plaintiff's false arrest and false imprisonment by the Doe
police have been entered into and appear on the Internet,
thereby exposing the plaintiff to damage to his reputation,
and caused him stress and suffering and essentially
nullified his employability.

51.  The foregoing paragraphs are each re-alleged and reasserted
in each of the following Counts.

### AS AND FOR A FIRST CAUSE OF ACTION

### (LOST WAGE CLAIM)

52.  As a direct and proximate result of the unlawful acts of
the defendants described herein, the plaintiff has incurred
economic damage including a loss of gainful employment and
damage to his reputation in an amount which exceeds the
jurisdictional monetary threshold of the Court, the
specific amount to be proven at trial, plus reasonable
attorneys' fees, costs and disbursements.

53.  The defendants acted willfully, maliciously and/or with
reckless disregard of the consequences of their actions.
Accordingly, plaintiff is entitled to an award of punitive
damages.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Fourth Amendment Violation-Excessive Force, Illegal Search and Seizure)

54. The policies and conduct of the defendants violated Plaintiff's right to be free of unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution in that the plaintiff was arrested and detained and there was no factual or legal basis for his arrest or detention.

55. As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including a loss of gainful employment and damage to his reputation and still suffers both physical pain and suffering and psychiatric injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

56. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Fourteenth Amendment Violation-Malicious Prosecution)

57.  The policies and conduct of the defendants constituted malicious prosecution in violation of the Fourteenth Amendment in that plaintiff was charged and prosecuted absent the existence of probable cause and was carried out without any basis in law or fact and without sufficient factual information.

58.  The defendants initiated a criminal proceeding against the plaintiff which terminated in the plaintiff's favor, and the proceeding was initiated without probable cause and the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice and the plaintiff was seized and suffered a deprivation of liberty.

59.  As a direct and proximate result of the unlawful policies and acts of the defendants described herein, the plaintiff has incurred economic damage including a loss of gainful employment and damage to his reputation and still suffers both physical pain and suffering and psychiatric injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the

specific amount to be proven at trial, plus reasonable
attorneys' fees, costs and disbursements.

60. The defendants acted willfully, maliciously and/or with
reckless disregard of the consequences of their actions.
Accordingly, plaintiff is entitled to an award of punitive
damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (New Jersey State Constitutional Tort
For Excessive Force, False Arrest, False Imprisonment
Pursuant to N.J.S.A. 10:6-2(c))

61. The actions and conduct of the Doe defendants constituted a
violation of the plaintiff's right to be free of excessive
force applied against him by the Doe defendants, and
unreasonable searches and seizures, contrary to Article I
Section 7 of the New Jersey State Constitution, in that the
plaintiff was arrested and detained and there was no
factual or legal basis for his arrest or detention.

62. As a direct and proximate result of the unlawful policies
and acts of the defendants described herein, the plaintiff
has incurred economic losses including a loss of gainful
employment, damage to his reputation and still suffers both
physical pain and suffering and psychiatric injury all to
plaintiff's damage in an amount which exceeds the
jurisdictional monetary threshold of the Court, the

specific amount to be determined at trial, plus reasonable
attorneys' fees, costs and disbursements.

63. The defendants acted willfully, maliciously and/or with
reckless disregard of the consequences of their actions.
Accordingly, plaintiff is entitled to an award of punitive
damages.

AS AND FOR A FIFTH CAUSE OF ACTION

(New Jersey State Constitutional Tort
For Malicious Prosecution Pursuant to N.J.S.A. 10:6-2(c))

64. The policies and conduct of the defendants constituted
malicious prosecution in violation of Article I Section 7
of the New Jersey State Constitution in that plaintiff was
charged and prosecuted absent the existence of probable
cause and was carried out in without any basis in law or
fact and without sufficient factual information.

65. The defendants initiated a criminal proceeding against the
plaintiff which terminated in the plaintiff's favor, and
the proceeding was initiated without probable cause and the
defendants acted maliciously or for a purpose other than
bringing the plaintiff to justice and the plaintiff was
seized and suffered a deprivation of liberty.

66. As a direct and proximate result of the unlawful policies
and acts of the defendants described herein, the plaintiff
has incurred economic losses including a loss of gainful

employment and still suffers both physical pain and suffering and psychiatric injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be determined at trial, plus reasonable attorneys' fees, costs and disbursements.

67. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### (Common Law Assault and Battery)

68. The above described conduct of the defendants was without plaintiff's consent and without legal authority and thereby constituted common law assault and battery by the use of force on and against the plaintiff.

69. As a direct and proximate result of the unlawful acts of the defendants described herein, the plaintiff has incurred economic damage including a loss of gainful employment and damage to his reputation and still suffers both physical pain and suffering and psychiatric injury all to plaintiff's damage in an amount which exceeds the jurisdictional monetary threshold of the Court, the

specific amount to be proven at trial, plus reasonable attorneys' fees, costs and disbursements.

70. The defendants acted willfully, maliciously and/or with reckless disregard of the consequences of their actions. Accordingly, plaintiff is entitled to an award of punitive damages.

AS AND FOR A SEVENTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

71. As a direct and proximate result of the intentional acts of the defendants described herein, carried out illegally and without probable cause and sufficient factual information, plaintiff suffered economic damage including a loss of gainful employment and was caused to become physical and psychiatric illness and continues to suffer from severe and disabling shock, distress, anguish, sorrow, depression and loss of enjoyment of life.

72. The aforesaid physical and psychological injuries sustained by plaintiff were caused wholly by reason of the intentional, reckless and/or negligent acts of the defendants as described herein.

73. The defendants acted maliciously and with specific intent to oppress and harm plaintiff and/or with reckless disregard of the consequences of his actions, and as a

result plaintiff is entitled to damages in an amount which exceeds the jurisdictional monetary threshold of the Court, the specific amount to be proven at trial.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

#### (STATE LAW TORT CLAIM FOR FAILURE TO PROPERLY TRAIN, CONTROL OR SUPERVISE)

74. At all times relevant herein, the State Does were serving as the agents of the State of New Jersey, by and through the New Jersey State Police, when they committed the tortuous acts of false arrest, false imprisonment, battery, assault and excessive force in effectuating Plaintiff's arrest and/or failed to stop their follow officers from using excessive force.

75. At all times relevant herein, the Newark Does were serving as the agents of Newark by and through the Newark Police Department, when they committed the tortuous acts of false arrest, false imprisonment, battery, assault and excessive force in effectuating Plaintiff's arrest and/or failed to stop their follow officers from using excessive force.

76. At all times relevant herein, the DEA Does were serving as the agents of the DEA by and  through the United States, when they committed the tortuous acts of false arrest,

false imprisonment, battery, assault and excessive force in effectuating Plaintiff's arrest and/or failed to stop their follow officers from using excessive force.

77. Defendants Newark, the State of New Jersey and the DEA are each liable under the theory of *Respondeat Superior* in that each was deliberately indifferent to the careless, negligent and or reckless acts of the individual Doe police defendants who permitted or employed false arrest, false imprisonment, battery, assault and excessive force in effectuating Plaintiff's arrest and/or failed to stop their follow officers from using excessive force in that each failed to adequately train, supervise, control, discipline and train on a continuing basis the individual Doe Defendants as to their duty to refrain from using unlawful and unconstitutional means and methods in effectuating.

78. As a direct and proximate result of Doe Defendants' acts, the Plaintiff suffered serious bodily injury and psychiatric injury and incurred pecuniary losses.

### AS AND FOR A NINTH CAUSE OF ACTION

### (Injunctive Relief)

79. The policies of the defendants are still in effect. They deprive and/or chill federal constitutional rights, state constitutional rights and state statutory rights of all

similarly situated individuals.  Accordingly, the policies should be preliminarily and permanently enjoined.

80.  In order to counter the unlawful policies described herein, the named defendants must be trained and educated in order to protect the constitutional, statutory and common law rights of children.

JURY TRIAL DEMANDED

Plaintiff hereby demands trial by jury on all claims and issues so triable and JON-HENRY BARR, ESQ. is designated as trial counsel.

PRAYER FOR RELIEF

**WHEREFORE**, plaintiff **SHYIEM GORDON** respectfully requests that this Court enter Judgment against the named defendants, jointly and severally,:

- Permanently enjoining defendants from enforcing their customs, policies, patterns and practices as described herein that violate constitutional rights;

- Retaining jurisdiction over this action and ordering the defendants to implement and enforce proper policies and practices including appropriate training and supervision to protect employees and individuals from infringement of their constitutional rights;

- Awarding the full amount of compensatory damages as plaintiff may prove at trial;

- Awarding the full amount of punitive damages as the jury determines to be appropriate;

- Awarding reasonable attorneys' fees, costs and disbursements; and

- Granting such other and further relief as to the Court seems just and proper.

Dated:     July 29, 2021

BARR & GULYAS, L.L.C..
Attorneys for Plaintiff

/s/John D. Gulyas, Esq.(1181)

By:John D. Gulyas, Esq.
BARR & GULYAS, LLC
21 Brant Avenue
Clark, NJ 07066
(732) 340-0600
jgulyas@barrgulyas.com